## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case No. 8:15-CR-436-T-23TGW**

**HEIMAR GREGORIO**
(Heimar Gregorio Canveral Escobar)
_____/

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE
## AND SENTENCING MEMORANDUM IN SUPPORT OF
## HIS REQUEST FOR A REASONABLE SENTENCE

COMES NOW, the Defendant, HEIMAR GREGORIO, by and through

undersigned counsel, and files this sentencing memorandum in support of a

sentence below the advisory guideline.  Mr. Gregorio moves this Court for the

imposition of a reasonable sentence which is no greater than necessary to comply

with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2).  As grounds

in support of this motion, Mr. Gregorio states the following:

## I.     MR. GREGORIO'S BACKGROUND[1]

Mr. Gregorio is a 41 year old Columbian native.  Mr. Gregorio grew up in a

poverty stricken, yet violent area of Columbia.  He witnessed violence on a weekly

basis, and recalls seeing many battles between the Colombian Army and the

Guerillas, where mutilated bodies were left in the streets, and residents were taken away from their families.  Growing up, his family did not have electricity until 1995, and the plumbing was supplied by the local creeks and rivers.

Mr. Gregorio's parents were hard workers; they worked away from the home for months at a time, and during these times his brothers cared for him.  Mr. Gregorio described his family as loving and supportive, and instilled in him, and his siblings, the importance of an education.  He graduated from high school, and at the age of 21, he enlisted in the Columbian Army.  After his year of mandatory service, Mr. Gregorio attended the Universidad Del Quindio for 2 years, where he studied computers and agriculture.  Due to his lack of finances, he was not able to complete his education, and began working in various positions.  Prior to this offense, he was working in the mayor's office, and was proud of the work he performed – overseeing the family and their home, and enforcing food regulations.  After his work in the mayor's office, Mr. Gregorio successfully campaigned for his friend, Carlos Eduardo Osorio Buritica, the Governor of El Quindio.

Mr. Gregorio has a 16 year old daughter, Susan Daniela Canaveral Bastidas, who is his pride and joy.  Susan is a stand-out athlete in Columbia, representing her country in the long jump.  *See* Exhibit 1.  Mr. Gregorio is a devoted and loving

---

[1]Background information is taken from the Presentence Report ("PSR") and interviews with Mr. Gregorio.

father, who was actively involved with his daughter's schooling and athletic training. He feels immense remorse that he is not able to support his daughter in her Olympic dreams, and hopes to reunite with her and the rest of his family as soon as possible.

Prior to this offense, Mr. Gregorio led an exemplary life. *See* Exhibit 2 (letters of support). Mr. Gregorio is in good health, and although he drinks occasionally, he has never used illegal drugs. He does not suffer from any mental issues, but since this offense he is extremely depressed and is suffering from acute anxiety. Mr. Gregorio has never been involved in criminal activity prior to this offense, and states that his involvement was a result of his desire to better his financial situation so that he could provide for his parents and his daughter.

## II.  PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On October 20, 2015, the grand jury in the Middle District of Florida returned indictment charging Mr. Gregorio, and two other co-defendants with two-count Indictment – Conspiracy to Possess with the Intent to Distribute 5 kilograms or more of Cocaine, in violation of 46 U.S.C. §§ 70503 (a) and 70506(a) and 21 U.S.C. § 960 (b)(1)(B)(ii).

On January 6, 2016, Mr. Gregorio pled guilty to Count 1, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudication of guilt on January 26, 2016.

The probation officer correctly calculated Mr. Gregorio's advisory guideline range. PSR ¶¶18-27.  With an offense level of 35, and a criminal history category I, Mr. Gregorio's guideline imprisonment range is **14 years – 17 years, 6 months**.

## III.   MINOR ROLE

Mr. Gregorio should receive a two-level reduction for minor role.  Mr. Gregorio's role in this case was simply as a courier of the cocaine.  He was not a leader or organizer, and had no proprietary interest in the operation – he was paid only to transport the cocaine.

The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction pursuant to U.S.S.G. §3B1.2 is *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999).  In the *De Varon* case, the Eleventh Circuit established a two-part test for determining whether a defendant qualifies for a minor role reduction. *De Varon*, 175 F.3d at 934. As the Eleventh Circuit noted, "[f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. §1B1.3." *Id.* The Eleventh Circuit

further stated the second part of the test requires that "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id*.

The guideline involved in the issue of minor role is U.S.S.G. §3B1.2, the new amendment to it is a more inclusive guideline provision for individuals like Mr. Gregorio.  The purpose of the mitigating role adjustment is to ensure that a low-level participant in a conspiracy does not receive the same sentence as a high-level participant in a conspiracy. Otherwise, based on the fact that all of the defendants in a conspiracy are held accountable for the total quantity of drugs involved, non-similarly situated defendants would be receiving the same sentence despite the minor role that some of the defendants may have had. Since, Mr. Gregorio is being held for an amount of cocaine that places him at the same offense level as the owners, and those charged with logistics, his role must be compared to all of the other participants of the group of individuals.

In the present case, the factors weigh in favor of Mr. Gregorio's minor role status. Factually, Mr. Gregorio was paid by others in the conspiracy. Mr. Gregorio had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. Other factors supporting Mr. Gregorio's minor role status include the fact that he

did not recruit any other participants, he had little knowledge of the scope of the broader conspiracy, he reported to a larger player in the conspiracy. Distinctly, no one reported to him. Clearly under these facts, Mr. Gregorio was less culpable than most of the participants. Specifically, he was less culpable than the loaders, the logistics people, the distributors, the purchaser of the cocaine, the seller of the cocaine or any other unindicted co-conspirators. He was essentially a mule on a boat.

Based on the forgoing argument and legal authority, Mr. Gregorio's objections should be granted and he should receive a two-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that (absent the mandatory ten year sentence ) he does not receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be punish similarly.

## IV.   REQUEST FOR A REASONABLE SENTENCE

Mr. Gregorio respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although

the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. § 3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§ 3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

A.   **The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Gregorio [18 U.S.C. § 3553(a)(1)]**

The history and characteristics of Mr. Gregorio, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Gregorio is 41 years old - a simple man, with a simple life. Like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct is limited to this offense. Mr. Gregorio was offered a job by an individual he frequently

encountered, and he knew the job involved transporting cocaine when promised a large sum of money for his assistance.  Against his better judgment, Mr. Gregorio accepted the job – not out of greed, but because of his desire to provide for his family.

**B.    To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]**

Mr. Gregorio has accepted responsibility for his actions, and acknowledged that his behavior was wrong.  He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat in jail, and had an opportunity to reflect on his actions.   Mr. Gregorio is already thinking about ways he can make a better life for himself and his family.  He is committed to using the time he is incarcerated to learn to read and write English.  He would also like to learn a trade that could help improve his chances of employment once he is returned to his country.  Prisons are good for punishing, and Mr. Gregorio understands the need for punishment; however, he is a first time offender, is not violent and will eventually be returned to his country.  For Mr. Gregorio, the punitive purpose of sentencing can be achieved with a below-range sentence.

## **CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C. § 3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Gregorio requests that a sentence at the statutory minimum is more than reasonable in this case.

DATED this 18th day of March, 2016.

Respectfully submitted,

DONNA LEE LEM
FEDERAL DEFENDER

*/s/ Yvette C. Gray*
Yvette C. Gray
Bar No. 016516 (Arizona)
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Phone:       (813)228-2715
Fax:          (813)228-2562
Email:   Yvette_Gray@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of March, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Walter E. Furr III, AUSA

*/s/ Yvette C. Gray*
Yvette C. Gray
Assistant Federal Defender